IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gwendolyn Bittle, ) | C/A No. 2:20-cv-03019-SAL |
| Plaintiff, ) | |
| v. ) | **OPINION & ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security,[1] ) | |
| Defendant. ) | |

Plaintiff Gwendolyn Bittle ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. § 405(g)), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") regarding her claim for disability insurance benefits. [ECF No. 1.] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule (D.S.C.) 73.02(B)(2)(a), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial handling. On November 22, 2021, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case remanded for an award of benefits. [ECF No. 20.] On December 2, 2021, the Commissioner filed a Notice of Not Filing Objections to the Report. [ECF No. 21.]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under Rule 25(d) of the Federal Rules of Civil Procedure, she is automatically substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, the decision is **REVERSED**, and the matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for an award of benefits.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

December 7, 2021
Florence, South Carolina